FILED
SUPERIOR COURT
OF GUAM

2026 APR -3 PM 4:57

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PORT AUTHORITY OF GUAM,<br><br>Petitioner,<br><br>v.<br><br>CIVIL SERVICE COMMISSION,<br><br>Respondent,<br><br>and<br><br>JOYJEAN R. ARCEO,<br><br>Real Party<br>In Interest. | SPECIAL PROCEEDINGS NO. SP0119-24<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This case turns on who bore the burden of proof—and what the law requires when that burden is not met. After the Port Authority of Guam discharged a classified employee, the Civil Service Commission heard the appeal, applied the governing standard, and deliberated. The Commission split evenly specifically two commissioners voted to sustain the Port's adverse action and two commissioners voted to revoke it. Under Guam law, that division did not preserve the adverse action or render the decision void; it meant the Port failed to persuade the four commissioners required to prevail. The Port now asks this Court to declare the Commission's decision void. The law does not permit that result. The burden remained on management, the burden was not met, and the Commission acted within its authority in granting

relief. Attorney James Canto represents the Port Authority of Guam and Attorney Jacqueline Terlaje represents Real Party in Interest Joyjean R. Arceo.

## BACKGROUND

The Port Authority of Guam ("Port") petitions for judicial review of a Civil Service Commission ("CSC") *Decision and Judgment* dated August 6, 2024 concerning the termination of Port employee JoyJean R. Arceo (Arceo). The Port terminated Arceo, a classified employee serving as Port Procurement and Supply Manager, by Final Notice of Adverse Action effective October 30, 2023, citing refusal to perform prescribed duties, insubordination, and unsatisfactory performance. *See,* Verified Pet. (Sep. 5, 2024). Arceo appealed the termination to the CSC on November 20, 2023. *Id.* at 2.

Before the merits hearing, the CSC determined that the Port's allegations could constitute Official Misconduct under 9 GCA § 49.90 if charged and reduced the Port's burden of proof to substantial evidence pursuant to 4 GCA § 4407(c). *Id.* at 6–10. Following deliberations on June 12, 2024, the Commission split evenly, with two commissioners voting to sustain the Port's adverse action and two voting to revoke it. *Id.* at 4–5. The CSC stated that because Management failed to obtain four votes to sustain the termination, the Employee prevailed. *Id.* The Port objected on the record, asserting that the Commission lacked authority to revoke the adverse action absent the "affirmative vote of four (4) members" required by 4 GCA § 4402. *Id.* at 13.

On August 6, 2024, the CSC issued a written *Decision and Judgment* awarding relief in Arceo's favor, including back pay and benefits, restoration of leave, retirement contributions, and attorney's fees and costs pursuant to 4 GCA § 4406.1. *Id.* at 2–3. The Port moved for reconsideration on August 9, 2024, arguing the CSC could not lawfully take action without four

affirmative votes. *Id.* at 17. The CSC denied reconsideration by a 4–0 vote on August 27, 2024. *Id.*

The Port filed this petition for judicial review on September 5, 2024 and the Court took this matter under advisement on January 9, 2026.

## DISCUSSION

The Court proceeds in four steps. First, the Court addresses the statutory "Rule of Four" in 4 GCA § 4402 and its consistent interpretation by reviewing courts. Second, the Court explains how that rule operates in adverse action appeals, where management bears the burden of proof, and why a split vote means that burden was not met. Third, the Court rejects the Port's assertion that a divided Commission acts without authority, explaining why that theory is both legally incorrect and practically untenable. Finally, the Court considers legislative intent, including Public Law 26-88, which confirms that the statutory scheme was designed to increase—rather than dilute—management's burden in adverse action proceedings.

## I.     The Rule of Four Governs Civil Service Commission Action.

This case turns on the meaning and operation of 4 GCA § 4402. The statute provides that "[t]he quorum of the Commission shall be four (4) members" and that "[t]he affirmative vote of four (4) members shall be required for any action of the Commission." The Appellate Division has squarely construed this language to require the concurrence of four votes, not merely the participation of four members. In *Government of Guam, Department of Public Health and Social Services v. Civil Service Commission, Dennis Quinones,* and the Commission voted 3–1 to uphold an employee's termination but reinstated the employee because the government failed to persuade four commissioners. 1987 WL 109892, 1–3 (D. Guam App. Div. Aug. 27, 1987). The

court affirmed, holding that § 4402 does not permit action by a simple majority of a quorum and that failure to obtain four concurring votes means the party bearing the burden has not prevailed.

The Ninth Circuit reaffirmed this construction in *Guam Power Authority v. Civil Service Commission*, explaining that under the "Rule of Four," when the party with the burden of proof does not receive four votes for its position, the opposing party is entitled to a decision in its favor. 967 F.2d 586, 1 (9th Cir. 1992).

The Supreme Court of Guam has likewise recognized the Rule of Four, stating that while it declined to reach compliance on the facts because the issue was raised for the first time on appeal, it expressed "no quarrel" with the Rule of Four principle. *Limtiaco v. Guam Fire Dep't*, 2007 Guam 10 ¶ 65.

The Port argues that the CSC lacked authority to grant relief because fewer than four commissioners voted to revoke the adverse action. That argument mistakes both § 4402 and the allocation of the burden of proof in adverse action appeals. Section 4402 does not preserve an adverse action by default when the Commission is divided. Rather, it places the risk of non-persuasion squarely on the party bearing the burden. Where management fails to secure the four concurring votes required by statute, it has not carried that burden. In that circumstance, the Commission does not exceed its authority by granting relief; it applies the statute as written.

## II. A Split Vote Means the Party with the Burden Did Not Prevail.

The Rule of Four does not exist in isolation. It operates within the adverse action framework, where management bears the burden of proof. When management fails to secure four affirmative votes, it has not carried that burden.

This principle was reaffirmed by the Ninth Circuit in *Guam Power Authority*, which upheld the CSC's Rule of Four practice and rejected a challenge materially identical to the one raised here. The court explained that when the party with the burden of proof does not receive four votes, "the opposing party is entitled to a decision in its favor."

The Port's position would invert this structure by allowing management to prevail by stalemate. Nothing in § 4402 authorizes that outcome. To the contrary, *Quinones* and *Guam Power Authority* make clear that a tie vote is not neutrality—it is failure of proof by the party who bears the burden.

Here, the CSC deliberated and split evenly. Because sustaining the adverse action required four affirmative votes, the Port failed to carry its burden. The Commission correctly treated that failure as dispositive and entered judgment in favor of the employee.

### III. The Port's "Void Decision" Theory Is Impractical and Contrary to Adjudicative Principles

The Port asks this Court to declare the CSC's Decision void whenever fewer than four commissioners vote to revoke an adverse action. That remedy is neither compelled by statute nor workable in practice.

The CSC may reach unanimity, a majority, or a split decision after independent consideration of the evidence. The law does not—and cannot—require commissioners to vote in any particular manner. A divided commission is not an anomaly; it is a foreseeable outcome of adjudication.

The Port's interpretation would convert every split vote into legal paralysis, effectively forcing the Commission to reach unanimity or risk having its proceedings nullified. Nothing in Title 4 suggests the Legislature intended such a result.

More fundamentally, the Port conflates voting mechanics with burden of proof. A split vote does not mean the Commission acted without authority. It means the party bearing the burden failed to persuade the decision-makers required by law.

The statutory framework mirrors a familiar adjudicative principle. In a jury trial requiring a unanimous verdict, a deadlocked jury does not result in judgment for the party with the burden by default or a verdict void. Rather, the party with the burden has failed to obtain the verdict required by law. The Rule of Four operates in the same manner. The statute does not compel four commissioners to vote in any direction. It defines the number of votes required for a party to prevail. When that threshold is not met, the consequence flows from failure of persuasion, not from procedural defect.

Accepting the Port's position would allow management to prevail not by proof, but by deadlock. The Legislature did not design the civil service system to reward stalemate.

## IV.     The Legislature Reinforced This Result in Public Law 26-88.

The Legislature's reenactment of § 4402 in Public Law 26-88 confirms this reading. In amending the statute, the Legislature expressly found that the prior law was "unacceptable in meting out justice and highly unfavorable to the employees," and that the number of votes required to "affirmatively carry out the decision of the Commission must be increased." P.L. 26-88, § 1.

The Legislature simultaneously increased management's burden of proof and articulated an intent to "level the playing field" between management and employees. Nothing in the legislative findings suggests intent to allow management to prevail by default when the

Commission is divided. To the contrary, the amendments were designed to make it more difficult—not easier—for management to sustain adverse actions.

Adopting the Port's interpretation would undermine that purpose by allowing adverse actions to stand without the affirmative concurrence required by statute. The Court declines to adopt a construction that conflicts with clear legislative intent.

## CONCLUSION

Accordingly, the Port's Petition for Judicial Review is DENIED.

**IT IS SO ORDERED** _____APR 0 3 2026_____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA EMAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

J canto; J Terlaje
CIVIS SVC om.
APR - 3 2026
Date:_____ Time: 5:03 pm
Edna M. Nego
Deputy Clerk, Superior Court of Guam